UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE SKANDIS,

           Plaintiff,           Case No. 1:20-cv-999

v.                                          Hon. Hala Y. Jarbou

JPMORGAN CHASE BANK, N.A.,

           Defendants.
_____/

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Christine Skandis ("Skandis") filed a complaint in the Third Judicial Circuit, County of Wayne (ECF No. 1, PageID.11-17). The case was removed to the United States District Court for the Eastern District of Michigan and then transferred to this Court. *See* Notice of Removal (ECF No. 1); Order granting defendant's motion to transfer venue (ECF No. 12). This matter is now before the Court on a motion to dismiss filed by defendant JPMorgan Chase Bank, N.A. ("Chase") (ECF No. 9). The motion is unopposed.[1]

### I.    Background

Skandis' complaint is a vague and non-informative. Skandis identifies herself as a "natural resident in the State of Michigan" and lists her address as 312 Hoffman Street, Saugatuck, Michigan. Compl. at PageID.11. The complaint references "a contract for a modification of a

---

[1] W.D. Mich. LCivR 7.2(c) provides that, "Unless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." (emphasis added). A plaintiff's failure to file a response to a motion to dismiss can be deemed a waiver of opposition to the relief sought in the motion. *See Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (listing cases including *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir.2008) (holding that the defendant waived any argument on the issue by failing to oppose a motion to dismiss) and *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion")).

1

loan on or about December 6, 2013" and that "Defendants [sic] breached the contract." Compl. at PageID.11. The complaint contains no information about the alleged loan or the alleged modification of that loan. Nevertheless, Skandis sues defendant Chase on 10 counts: Breach of Contract (Count I); Promissory Estoppell [sic] (Count II); Fraudulent Misrepresentation (Count III); Innocent Misrepresentation (Count IV); Exemplary Damages (Count V); Tortious Interference of a Business Relationship (Count VI); Conversion (Count VII); Defamation (Count VIII); Intentional Infliction of Emotional Distress (Count IX); [there is no Count X]; and Unjust Enrichment (Count XI). *Id*. at PageID.11-17. Skandis did not attach any documents to the complaint with respect to the alleged loan modification.

> In its order transferring this case to the Western District, the court observed that:
>
> A similar action is pending in the Western District. Skandis, along with Larry Fuller, filed a pro se complaint against JP Morgan Chase Bank, Select Portfolio Servicing, and Orlans PC, alleging the breach of a promise to modify a loan and seeking to prevent the foreclosure of property located. on Hoffman Street in Saugatuck, Michigan. *See Fuller v. Select Portfolio Servicing, Inc.*, Case No. 19-00028 (W.D. Mich). The instant action also involves an alleged breach of a contract to modify a loan. Although the complaint is unclear, it appears to reference the same loan at issue in the Western District action, and Skandis resides at the same Hoffman Street address. Compare ECF No. 3-1 at PageID 106 with ECF No. 3-7 at PageID 176-77.

Order (ECF No. 12, PageID.944).

## II. Defendants' motions to dismiss

### A. Legal Standard

Chase seeks to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

**B.    Discussion**

Chase contends that this case should be dismissed because it is duplicative of Skandis' case pending in this Court, *Fuller*, 1:19-cv-28, and Skandis' complaint fails because her allegations "consist entirely of boilerplate recitations of the claims alleged and are devoid of any factual support." Chase Brief (ECF No. 9, PageID.694).

In an effort to make some sense of Skandis' complaint, Chase submitted exhibits related to Skandis, Chase, and the Saugatuck property. These include a note dated May 26, 2005,

3

between the borrower, non-party Larry Fuller (Skandis' co-plaintiff in *Fuller*, 1:20-cv-28), and the lender, Chase, in the amount of $455,000.00. Fuller and Skandis secured the loan by executing a mortgage on Saugatuck property. *See* Mortgage and Note (ECF No. 10-1); Warranty Deed (ECF No. 10-2).

The present case appears to involve the same loan and mortgage as *Fuller*, 1:19-cv-28. However, the Court notes that in the present case, Skandis claims that there was a contract for a modification of a loan "on or about December 6, 2013" (Compl. at PageID.11), while in *Fuller*, 1:20-cv-28, she and Fuller alleged that Fuller was invited to participate in a loan modification with Select Portfolio Services, Inc., on or about August 2016 (*see Fuller*, 1:20-cv-28, Compl. at ECF No. 1-1, PageID.18). While the present case involves Skandis' claim arising from the breach of an alleged December 6, 2013 contract for a loan modification, she gives no information about the loan, the contract, or the breach. In addition, Skandis' complaint does not address her basis for suing Chase, when the alleged contract sought to modify a loan from Chase (the lender) to non-party Fuller (the borrower). To further obfuscate the matter, Skandis' vague allegations suggest that she was the borrower seeking the loan modification and that the case involves multiple defendants. *See* Compl. at ¶ 12, PageID.12 ("Plaintiff relied on the statements of the Defendants [sic]"); ¶ 17, PageID.17 ("Defendants [sic] should have expected that the promise would induce reliance and that there was a change in the Plaintiff's position due to reliance on the promise"); ¶ 26, PageID.13 ("Plaintiff relied on Defendants' [sic] false representations"); and, ¶ 29, PageID.13 ("Defendants' [sic] representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiff and Defendants [sic]").

While the present complaint may be duplicative of some of the claims raised in *Fuller*, 1:20-cv-28, the Court cannot make that determination based on Skandis' vague,

conclusory, and inconsistent allegations. The Court's inability to make that determination underscores the deficiency of Skandis' complaint, which consists of nothing more than a collection of "unadorned, the - defendant - unlawfully - harmed - me accusation[s]" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.[2]

### III. RECOMMENDATION

Accordingly, I respectfully recommend that Chase's motion to dismiss (ECF No. 9) be **GRANTED** and that this action be **TERMINATED**.

Entered:   March 5, 2021          /s/ Ray Kent
                                  RAY KENT
                                  U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] The Court notes that Chase has filed a motion for sanctions against Skandis "because the allegations in the Complaint: (1) are presented for an improper purpose, such as to harass, cause unnecessary delay; (2) are presented to needlessly increase the cost of litigation; (3) are not warranted by existing law or by a nonfrivolous argument for extending modifying, or reversing existing law; and (4) do not have evidentiary support." Motion (ECF No. 7). This motion should be addressed after the Court resolves the pending motion to dismiss.

5