UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE SKANDIS,

    Plaintiff,

v.

JPMORGAN CHASE BANK, NA,

    Defendant.

                                  /

Case No. 1:20-cv-999

Hon. Hala Y. Jarbou

## REPORT AND RECOMMENDATION

### I. Background

On or about July 20, 2020, *pro se* plaintiff Christine Skandis ("Skandis") filed this lawsuit against defendant JPMorgan Chase Bank, N.A. ("Chase") in the Wayne County Circuit Court. *See* Compl. (ECF No. 1, PageID.9-17). Skandis' complaint alleged ten counts[1] against defendant Chase, including breach of a contract for a loan modification, defamation by making false representations that plaintiff "did not own her property," and various torts. *Id*. While Skandis' complaint referred to property, she did not identify the property at issue. *Id*. Ultimately, a court determined that Skandis was referring to her residence at 312 Hoffman Street, Saugatuck, Allegan County, Michigan. *See* discussion, *infra*. Despite her failure to allege virtually any facts,

---

[1] "The complaint contains no information about the alleged loan or the alleged modification of that loan. Nevertheless, Skandis sues defendant Chase on 10 counts: Breach of Contract (Count I); Promissory Estoppell [sic] (Count II); Fraudulent Misrepresentation (Count III); Innocent Misrepresentation (Count IV); Exemplary Damages (Count V); Tortious Interference of a Business Relationship (Count VI); Conversion (Count VII); Defamation (Count VIII); Intentional Infliction of Emotional Distress (Count IX); [there is no Count X]; and Unjust Enrichment (Count XI). *Id*. at PageID.11-17. Skandis did not attach any documents to the complaint with respect to the alleged loan modification." Report and Recommendation (ECF No. 23, PageID.241).

1

Skandis aggressively pursued discovery. On July 23, 2020 (about three days after filing the complaint) Skandis sent Chase 14 requests to admit and 14 interrogatories. *See* Discovery (ECF No. 1-2, PageID.61-70). A few days later, on July 27, 2020, Skandis sent Chase 17 requests to produce. *See* Discovery (ECF No. 7-8, PageID.431-432). The next day, Skandis sent Chase four more interrogatories (which she referred to as "Plaintiff's First interrogatories to defendant JPMorgan Chase Bank, N.A."). *See* Discovery (ECF No. 7-8, PageID.437-439).

On August 18, 2020, the case was removed to the United States District Court for the Eastern District of Michigan ("Eastern District") as case no. 20-12221. *See* Notice of Removal (ECF No. 1). The next day, Skandis filed a request for entry of default in the Wayne County Circuit Court, which was entered by that court's clerk. *See* Request and Entry of Default (ECF No. 7-16, PageID.521). This improper entry of default required Chase to send a notice to the Wayne County Circuit Court advising that the case had been removed to federal court and both the request and the entry of default were invalid. *See* Notice (ECF No. 7-17, PageID.523-527).

On October 15, 2020, the Eastern District entered an order transferring the case to the United States District Court for the Western District of Michigan ("Western District"). In reaching this determination, the court observed:

> A similar action is pending in the Western District. Skandis, along with Larry Fuller, filed a pro se complaint against JP Morgan Chase Bank, Select Portfolio Servicing, and Orlans PC, alleging the breach of a promise to modify a loan and seeking to prevent the foreclosure of property located on Hoffman Street in Saugatuck, Michigan. *See Fuller v. Select Portfolio Servicing, Inc.*, Case No. 19-00028 (W.D. Mich). The instant action also involves an alleged breach of a contract to modify a loan. Although the complaint is unclear, it appears to reference the same loan at issue in the Western District action, and Skandis resides at the same Hoffman Street address.

Order (ECF No. 12, PageID.943-944). Ultimately, the court granted Chase's motion to transfer the case to the Western District, "[t]o promote the convenience of the parties and witnesses, and to forestall duplicate litigation, judicial inefficiency, and forum shopping." *Id*. at PageID.946.

After the transfer, this Court granted Chase's motion to dismiss the complaint based upon Skandis' vague, conclusory, and inconsistent allegations. *See* Report and Recommendation (R&R) (ECF No. 23); Order adopting R&R (ECF No. 24). This matter is now before the Court on Chase's motion for Rule 11 sanctions against Skandis (ECF No. 7).[2] The motion is unopposed.

## II.    Discussion

Because Chase filed the motion for sanctions before its transfer to the Western District, the motion does not address the proceedings in the Western District. Chase's position is set out in the first paragraph of its brief:

> This case is "built" on a foundation of blatant lies that are directly contradicted by Plaintiff's allegations in a lawsuit pending in the United States District Court for the Western District of Michigan. Specifically, in *Larry Fuller and Christine Skandis v. JPMorgan Chase Bank, N.A., et al. Case No. 1:19-cv-00028-PLM-RSK* ("the W.D. Mich. Action"), Plaintiff, along with non-party Larry Fuller, filed suit against Chase alleging that Chase failed to modify Larry Fuller's loan and was wrongfully attempting to foreclose on property located at 312 Hoffman Street, Saugatuck, MI 49453 (the "Hoffman Street Property"). Although Plaintiff conceded in the W.D. Mich. Action — and the loan documents confirm — that she is not a borrower under the loan secured by the Hoffman Street Property, Plaintiff initiated this action on or about July 20, 2020, in the Third Judicial Circuit, County of Wayne alleging that she entered into a loan modification agreement with Chase in connection to the Hoffman Street Property and alleging that Chase purportedly breached the loan modification agreement.

Chase Brief (ECF No. 7, PageID.326) (footnote omitted).

---

[2] The Court notes that the motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). However, because Chase's motion seeks a sanction in the nature of an injunction, the undersigned has addressed the motion on an R&R pursuant to 28 U.S.C. § 636(b)(1)(B).

3

      Chase further pointed out that,

      This litigation has no connection to Wayne County. Plaintiff resides in Saugatuck, Michigan and the Hoffman Street Property is also located in Saugatuck, Michigan. As explained below, Chase believes Plaintiff initiated this action in Third Judicial Circuit, County of Wayne in an attempt to forum shop and re-litigate issues raised in the W.D. Mich. Action. Chase filed a motion to transfer venue to the Western District, which is currently pending before this Court. *See* Motion to Transfer Venue [DE 3 at PageID.83].

Chase Brief at PageID.326, fn. 1.

      The undersigned is well aware of Fuller and Skandis' previous lawsuit against Chase, *Larry Fuller and Christine Skandis v. Select Portfolio Servicing, Inc., JPMorgan Chase Bank, N.A., Orlans PC, and Unknown Parties (1-20)*, 1:19-cv-28 (W.D. Mich.). In *Fuller*, Skandis and Fuller filed a 15-count complaint related to Chase's alleged wrongful foreclosure of the property.[3] The undersigned entered the report recommending the dismissal of the lawsuit. *See Fuller*, 1:19-cv-28 (ECF No. 28). Notably, Skandis filed the present lawsuit in the Wayne County Circuit Court while her related case, *Fuller* – which involved the same property – was pending in this Court. Despite the fact that the Wayne County Circuit Court case involved the loan modification and property at issue in *Fuller*, Skandis' stated twice in her complaint that, "There is

---

[3] "On December 19, 2018, Fuller and Skandis filed this lawsuit in the 48th Circuit Court, Allegan County, Michigan, against defendants SPS, Chase and Orlans. *See* Compl. (ECF No. 1-1). Plaintiffs identify Chase as a bank, SPS as a business, and Orlans as "a law firm that engages in mass foreclosure actions in the state of Michigan." *Id*. at PageID.16. Plaintiffs alleged 15 counts related to the foreclosure of the real estate in Saugatuck: Michigan's foreclosure by advertisement statute (Count 1); Michigan's statutory modification law (Count 2); Civil conspiracy (Count 3); Declaratory relief- Foreclosure barred by unclean hands (Count 4); Breach of contract-Implied duty of good faith and fair dealing (Count 5); Accounting (Count 6); Intentional fraud (Count 7); Constructive fraud (Count 8); Violation of Michigan's regulation of collection practices act (Count 9); Count 10 is omitted; Violations of state law prohibiting unfair and deceptive consumer practices with respect to loan servicing (Count 11); Promissory Estoppel (Count 12); Fraud (Count 13); Intentional infliction of emotional distress (Count 14); Violation of RESPA Claim under 12 C.F.R. § 1024.41 (Count 15); and, Temporary and preliminary injunctive relief (Count 16). Compl. (ECF No. 1-1, PageID.15-40)." *Fuller*, 1:19-cv-28 (R&R) (ECF No. 28, PageID.387-388).

4

no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint." Compl. at PageID.11.

Chase contends that Skandis should be sanctioned for violating Fed. R. Civ. P. 11 because Skandis knows that she had no interest in the loan securing the Hoffman Street property, Skandis never entered into an agreement to modify a loan on the property, and Skandis "fabricated the Complaint seeking to obtain a contrary court ruling in another jurisdiction and/or seeking to force Chase to pay her money that she is absolutely not entitled to receive." *Id*. at PageID.340. For its relief, Chase asks "that the Court grant its Motion, strike Plaintiff's Complaint, and award sanctions in its favor, including an order barring Plaintiff from filing pleadings in any district without first obtaining court approval." *Id*. at PageID.341.

Chase's requested sanctions arise from Fed. R. Civ. P. 11(b), which provides as follows:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

5

Fed. R. Civ. P. 11(b)(1)-(4).

Fed. R. Civ. P. 11(c) allows the Court to impose sanctions, providing in pertinent part that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Fed. R. Civ. P. 11 applies primarily to pleadings and papers filed in the court and "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510, 517 (6th Cir. 2002). See Fed. R. Civ. P. 11(b)(1)-(4). To succeed on a motion for sanctions under the rule, the movant must show that the offending party engaged in "objectively unreasonable conduct." *Id.*

Before seeking sanctions under Fed. R. Civ. P. 11, the moving party must give the offending party an opportunity to correct the alleged violation. This procedure, sometimes referred to as the "safe harbor filing requirement,"[4] is set forth in Rule 11(c)(2), which provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *See First Bank of Marietta*, 307 F.3d at 511 ("Rule 11 is unavailable where the moving party fails to serve a timely

---

[4] *See First Bank of Marietta*, 307 F.3d at 510.

6

'safe harbor' letter"). Here, Chase met the notice requirement by serving the "safe harbor" letter on plaintiff 21 days prior to filing the motion for sanctions, demanding that Skandis dismiss the complaint with prejudice. *See* Letter (Aug. 31, 2020) (ECF No. 7-25, PageID.685-686). Skandis took no action on Chase's demand.

After meeting the safe harbor filing requirement, Chase filed the present motion for sanctions (ECF No. 7). Skandis did not respond to Chase's motion. Rather, Skandis sought to divest the federal court of jurisdiction by filing a paper entitled, "Notice of Plaintiff's Intent to Remand Case Back to the Circuit Court of Michigan" (ECF No. 8). As discussed, *supra*, the case was not remanded to state court, but transferred to the Western District.

In its motion for sanctions, Chase contends that Skandis' complaint violates Fed. R. Civ. P. 11(b) because her claims were not well-grounded in law or fact, but were asserted for the improper purpose of harassing Chase and causing it to incur needless expense. In dismissing Skandis' complaint with prejudice, this Court made the following observations and findings: the complaint was "vague and non-informative"; while Skandis claimed that Chase breached a contract for modification of a loan related to a "loan on or about December 6, 2013," the complaint contained no information about the alleged loan or the alleged modification of that loan; Skandis did not attach any documents to the complaint with respect to the alleged loan modification; Skandis' complaint provided no basis for suing Chase for breach of contract because she had no contract with Chase (*i.e.*, in *Fuller*, 1:19-cv-28, Skandis alleged that the contract existed between Chase (the lender) and Fuller (the borrower)); and, despite this lack of factual support, Skandis sued Chase on ten separate counts. *See* R&R (ECF No. 23); Order approving and adopting R&R (ECF No. 24).

Viewing the record as a whole, the Court concludes that by filing this complaint, Skandis engaged in objectively unreasonable conduct in violation of Fed. R. Civ. P. 11(b)(1). Specifically, Skandis filed this lawsuit in an improper venue (the Wayne County Circuit Court) for the improper purpose of harassing Chase and needlessly increasing the cost of litigation by forcing Chase to defend claims related to the financing of the Hoffman Street property in two separate court proceedings. As discussed, *infra*, Skandis continued the harassment by filing a another, duplicative lawsuit in the Wayne County Circuit Court.

Having determined that Chase can obtain sanctions against Skandis for violating Fed. R. Civ. P. 11, the Court looks to Fed. R. Civ. P. 11(c)(4) ("Nature of a Sanction") for guidance as to the types of sanctions which could be issued in this case:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

As discussed, the Court dismissed Skandis' complaint with prejudice. The issue before the Court is whether Chase is entitled to any further sanctions against Skandis to deter her from engaging in similar conduct, *e.g.*, filing another lawsuit with respect to financing on the Hoffman Street property. In this regard,

> Chase requests that, at a minimum, that [sic] the Court issue an appropriate sanction to deter further filing from Plaintiff that is blatantly filed in bad faith, with no evidentiary support, and with no basis in law or in fact, including barring Plaintiff from filing pleadings in any district without first obtaining court approval.

Chase's Brief (ECF No. 7, PageID.340-341).

In determining an appropriate sanction under Fed. R. Civ. P. 11,

8

> [T]he court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation.

*Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 420 (6th Cir. 1992).

Skandis' actions have had far reaching effects, requiring Chase, a state court, and two federal courts to deal with this meritless lawsuit. In addition, Chase, the Allegan County Circuit Court, and the Western District dealt with Skandis' related meritless claims in *Fuller*, 1:19-cv-28.

Furthermore, in its motion to adjourn the Rule 16 conference in this case, Chase pointed out that Skandis had filed yet another case, *Skandis v. JPMorgan Chase Bank, N.A., Ann Perrault & Avalon International Breads*, 2:20-cv-12694 (E.D. Mich.). *See* Motion (ECF No. 20, PageID.234). As with the present case, Skandis filed case 2:20-cv-12694 in the Wayne County Circuit Court and Chase removed the case to the Eastern District. *See Skandis*, 2:20-cv-12694, 2021 WL 168546 at *1 (E.D. Mich. Jan. 19, 2021). In its motion to dismiss case 2:20-cv-12694, Chase asserted that Skandis fraudulently joined two defendants, Anne Perrault and Avalon International Breads, in an attempt to defeat diversity and require the case to be remanded to the Wayne County Circuit Court. *Id*. The federal court dismissed Skandis' claims against Perrault and Avalon. *Id*. at *2. The court also dismissed Skandis' claim against Chase as duplicative of the present lawsuit, finding that "[g]iven the virtually identical complaints in the two cases, the court sees no benefit to administratively burdening the Western District of Michigan by transferring the second complaint." *Id*.

In denying Chase's motion for sanctions in case 2:20-cv-12694, the court stated,

9

> Chase also seeks sanctions against Skandis. The Western District of Michigan, as the transferee court in the First Case, is perhaps in the best position to determine whether sanctions are appropriate based on the merits of her claims. The court cautions Skandis, however, that it will view further duplicative filings against these Defendants as abusive, vexatious, and subject to sanctions pursuant to Rule 11, including monetary penalties. *See* Fed. R. Civ. P. 11(b)(by signing a pleading, an unrepresented party is attesting that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

*Id*.

Given Skandis' history, Chase asks this Court to sanction Skandis by barring her from filing any lawsuit in any federal court without prior authorization. As a general rule, a litigant cannot be "absolutely foreclosed from initiating an action in a court of the United States." *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). While Chase's requested sanction does not "absolutely foreclose" Skandis from filing federal court actions, Chase does not explain the procedure by which a federal court would grant "prior authorization" for Skandis to file a federal lawsuit. In the undersigned's opinion, it is not appropriate to require this Court (or any other court) to spend its judicial resources to "pre-authorize" or screen future lawsuits filed by Skandis. Nevertheless, the Court should sanction Skandis to curtail her ability to file any more meritless lawsuits against Chase in this Court.

Accordingly, the undersigned recommends: (1) that the Court issue an injunction barring Skandis from filing any lawsuit against Chase, its successors or assigns, which involves real estate financing, mortgages, mortgage modifications, liens, contracts, conveyances, or any other document or incident related to the property commonly known as 312 Hoffman Street, Saugatuck, Michigan; (2) that the Court issue an injunction barring Skandis from filing any lawsuit against Chase, its successors or assigns, which involves any claim or incident alleged in *Larry*

10

*Fuller and Christine Skandis v. JPMorgan Chase Bank, N.A., et al.*, 1:19-cv-28 (W.D. Mich.), *Christine Skandis v. JPMorgan Chase Bank, N.A.*, 1:20-cv-999 (W.D. Mich.), or *Christine Skandis v. JPMorgan Chase Bank, N.A., Ann Perrault & Avalon International Breads*, 2:20-cv-12694 (E.D. Mich.); (3) that any such lawsuit sent to this Court shall be returned to Skandis along with a copy of the Court's injunction; and, (4) that if Skandis files such a lawsuit in another court, and that lawsuit is removed or transferred to this Court, then Skandis shall be subject to additional sanctions for violating the injunction.

Finally, the undersigned recommends that Skandis pay a penalty to the Court as an additional sanction. *See* Fed. R. Civ. P. 11(c)(4) (sanctions may include "an order to pay a penalty into court"). The most important factor to consider in imposing a sanction is deterrence. "The idea is not to bankrupt . . . a pro se litigant. . . but to deter him from repeating the conduct prohibited by Rule 11." *Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992). *See Cruz v. Don Pancho Market, LLC*, 171 F. Supp. 3d 657, 668 (W.D. Mich. 2016) (citing *Danvers*). Here, the undersigned concludes that a penalty of $1,000.00 is sufficient to deter Skandis from violating Fed. R. Civ. P. 11.

### III.  RECOMMENDATION

Accordingly, I respectfully recommend that Chase's motion for sanctions under Fed. R. Civ. P. 11 (ECF No. 7) be **GRANTED**.

I further recommend that the Court issue the following sanctions against plaintiff:

**A.** That the Court issue an injunction barring Christine Skandis from filing any lawsuit against Chase, its successors or assigns, which involves real estate financing, mortgages,

11

mortgage modifications, liens, contracts, conveyances, or any other document or incident related to the property commonly known as 312 Hoffman Street, Saugatuck, Michigan.

        B.    That the Court issue an injunction barring Christine Skandis from filing any lawsuit against Chase, its successors or assigns, which involves any claim or incident alleged in *Larry Fuller and Christine Skandis v. JPMorgan Chase Bank, N.A., et al.*, 1:19-cv-28 (W.D. Mich.), *Christine Skandis v. JPMorgan Chase Bank, N.A.*, 1:20-cv-999 (W.D. Mich.), or *Christine Skandis v. JPMorgan Chase Bank, N.A., Ann Perrault & Avalon International Breads*, 2:20-cv-12694 (E.D. Mich.).

        C.    That any such lawsuit sent to this Court shall be returned to Christine Skandis along with a copy of the Court's injunction.

        D.    That if Christine Skandis files such a lawsuit in another court, and that lawsuit is removed or transferred to this Court, then Skandis shall be subject to additional sanctions for violating the injunction.

        E.    That Christine Skandis pay a penalty to this Court in the amount of **$1,000.00**.

Entered: July 22, 2021                        /s/ Ray Kent
                                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).